IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00185-M

**T.B.**, a minor, by and through his
Guardian ad Litem Jeffrey R. Monroe,

        Plaintiff,

v.

**L. Randolph Doffermyre, III**, et al.,

        Defendants.

**Scheduling Order**

After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 19), the Court enters the following scheduling order:

1. **Scope of Discovery**

The scope of discovery in this matter is limited to the issues identified in Paragraph 1 of Section III of the Rule 26(f) Report.

2. **Initial Disclosures**

If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Friday, September 23, 2022.

3. **Discovery Plan**

    a.    All discovery shall be initiated in time to be completed by Monday, April 03, 2023.

    b.    Each party may serve on any other party up to 25 interrogatories, including all discrete subparts.

    c.    Each party may serve on any other party up to 25 Requests for Production pursuant to Rule 34.

    d.    Any objection to Interrogatories or Requests for Production shall be stated with particularity. Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

e.  Each party may serve on any other party up to 25 Requests for Admission pursuant to Rule 36.

f.  Each party may take up to 10 depositions, excluding party depositions. Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day. Time taken for breaks and recesses shall not count towards the hour limit.

**4.  Expert Reports**

a.  The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

  i.  Plaintiff's disclosures shall be made no later than Monday, January 02, 2023.

  ii.  Defendant's disclosures shall be made no later than Wednesday, February 01, 2023.

**5.  Amendment of Pleadings and Addition of Parties**

a.  Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b.  The parties shall file motions to join additional parties no later than Monday, October 17, 2022.

c.  The parties shall file motions to amend the pleadings no later than Tuesday, November 15, 2022.

**6.  Protective Orders**

Any proposed protective orders that discuss filing materials under seal must comply with Local Civil Rule 79.2 and the presiding judge's practice preferences. Failure to include the necessary language will result in the court denying the motion without prejudice.

**7.  Dispositive Motion Deadline**

The parties shall file any dispositive motions by Friday, May 05, 2023.

**8.  Alternative Dispute Resolution**

a.  The parties shall participate in a mediated settlement conference prior to the end of the discovery period. The parties have identified Scott Hart as their agreed-upon mediator.

  b.  If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

  c.  If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

**9.  Trial Date and Related Deadlines**

Trial in this case is set for Tuesday, September 12, 2023. The court will hold a pretrial conference on Tuesday, August 29, 2023 at 9:30 a.m.

If the trial and/or pretrial conference dates create conflicts for any party, the Court will entertain motions to continue, and the date(s) may be changed as needed depending on the court's and parties' schedules.

**10.  Discovery of Electronically Stored Information**

The parties do not anticipate the need for extensive discovery of data or information that is stored in an electronic format. To the extent that information or data is stored electronically, the party from whom the data is requested will not be obligated to produce such information or data if it is not reasonably accessible because it would result in undue burden or cost to the party. In such circumstances, the party asserting that data is not reasonably accessible shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the electronically stored information sought is not readily obtainable or its production would be unduly burdensome or result in significant expense, the parties agree that the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery. Should any sources of electronically stored evidence be identified in this action, the parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

In accordance with Rule 26(f), the parties have discussed certain issues related to claims or privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production.

The parties further agree that, upon request, any such mistakenly-produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

### 11. Extensions of Time to Respond to Discovery Requests

Under Rule 29(b) of the Federal Rules of Civil Procedure the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial. Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

### 12. Consent to Magistrate Judge Jurisdiction

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate. The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated: September 12, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge